

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

November 20, 2013

**By ECF and Hand Delivery**
The Honorable Robert W. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

      Re:   *Rubin et al. v. Hamas-Islamic Resistance Movement & JP Morgan Chase et al.*,
            No. 11 Civ. 8716 (RWS) (formerly 11 M.C. 0039 (RWS))

Dear Judge Sweet:

      This Office represents the United States (the "Government") in the above-referenced matter. As a follow-up to the status conference held on November 6, 2013, and in anticipation of the status conference scheduled for December 10, 2013, we write to provide the Court with recent filings in a case pending in the United States District Court for the Western District of Washington, *Amana Mutual Funds Trust v. Holy Land Foundation for Relief and Development*, No. CV06-0518 RSL ("*Amana*"), which, like this case, concerns efforts by petitioners in the instant matter (the "Rubins") to satisfy a judgment that they hold against Hamas.

      By way of background, the Rubins brought this action against Hamas and against J.P. Morgan Chase Bank, N.A., HSBC Bank, U.S.A., N.A., Citibank, N.A., and Morgan Stanley DW, Inc. (collectively, the "Banks"), seeking turnover of bank accounts held by the Banks in the name of the Holy Land Foundation ("HLF"), in partial satisfaction of their judgment against Hamas. Certain of the Banks have named the Government as an adverse claimant in the interpleader actions filed in this matter because the United States District Court for the Northern District of Texas, in the context of criminal proceedings against HLF, issued an order in 2004 restraining the Banks from transferring the funds in the accounts. After a jury found HLF guilty of various crimes in 2008, the district court in Texas entered a preliminary order of forfeiture against HLF's assets under 18 U.S.C. § 982(a)(1), pursuant to which the Government was awarded a $12.4 million judgment, the funds in HLF's bank accounts were deemed forfeited to the Government, and the Government was granted authorization to seize HLF's assets.

      Thereafter, in response to an ancillary petition filed by the Rubins under 21 U.S.C. § 853(n), the district court in Texas vacated the preliminary order of forfeiture, finding that the

Hon. Robert W. Sweet                                                                                                                    2
November 20, 2013

Terrorism Risk Insurance Act of 2002 ("TRIA") allows petitioners to execute against HLF's assets notwithstanding the Government's forfeiture proceedings.  The Government appealed the district court's ruling, and in a decision issued on June 25, 2013, the Fifth Circuit reversed, holding that petitioners cannot recover against forfeited assets under either 21 U.S.C. § 853 or TRIA.  *U.S. v. Holy Land Found. for Relief and Dev.*, 722 F.3d 677 (5th Cir. 2013).  Among other things, the Fifth Circuit rejected petitioners' challenge to the Texas court's jurisdiction to decide whether HLF assets located in other jurisdictions—including the assets located in this District and in the Western District of Washington—were forfeited to the Government because (i) petitioners lacked standing to challenge the preliminary forfeiture order, and (ii) the Texas court had *in personam* jurisdiction over HLF's property rights, which the Fifth Circuit found to be "the dispositive factor in assessing whether those assets are available for criminal forfeiture to the government."  *Id.* at 689-90.

     This matter was stayed pending the resolution of the appeal in the Fifth Circuit.  At the November 6, 2013 conference, the Government explained that, consistent with the Fifth Circuit's decision, this matter should be dismissed and the assets located in this District should be turned over to the Government.  The Rubins' counsel opposed dismissal in part on the ground that the Government has not yet distributed forfeited funds to eligible victims.  The Court scheduled a subsequent status conference for December 10, 2013, and directed the Government to provide further information at that conference concerning the status and timing of the distribution of funds.

     *Amana* was also stayed pending the Fifth Circuit's decision.  There, on October 17, 2013, the Government moved to dismiss the action and to disburse the funds held in that district to the Government.  On November 11, 2013, noting this Court's direction to the Government at the November 6 conference, the Rubins moved to extend their time to respond to the Government's motion until a date after the December 10 conference in the instant matter.  *See* Exhibit A at 5.[1]  The Rubins further claimed that "the Government appears to have reneged on its promise to distribute the assets to the Rubins and other victims."  *See id.* at 4.

     Earlier today, the Government responded to the Rubins' filing.  *See* Exhibit B.  In doing so, the Government made three points that are relevant for this Court's consideration of the instant matter and the issues raised at the November 6 conference.  First, the Government explained that the Fifth Circuit's decision controls the disposition of HLF funds located in other jurisdictions and that, in any event, third parties like the Rubins lack standing to challenge the forfeiture of HLF's assets.  *Id.* at 1-4.  Second, the Government reiterated its longstanding commitment to distributing forfeited funds to U.S. victims of Hamas terrorism, including the Rubins, assuming they qualify.  *Id.* at 4.  It explained that "the government is actively working on how best to implement that distribution once it gains control over the forfeited funds."  *Id.*  Third, and most importantly, the Government explained that a distribution plan may not be finalized until the remaining interpleader actions are resolved and the Government has possession of all the

---

[1] In an effort to minimize the size of this submission, the exhibits appended to this letter are submitted without their respective attachments.  Those attachments are available on the Western District of Washington's PACER website.  We are also happy to provide copies to the Court upon request.

Hon. Robert W. Sweet 3
November 20, 2013

forfeited funds. *Id.* at 5. Thus, by delaying the resolution of this litigation and the *Amana* case, the Rubins are delaying the Government's finalization of a distribution plan and its ultimate distribution of funds—indeed, unnecessarily so, since the Fifth Circuit has already resolved that the funds belong to the Government, *id.* at 1-4, and the determination of how the forfeited money will be distributed rests solely with the Attorney General and is not subject to judicial review, *id.* at 5.

    We thank the Court for its consideration of this letter.

               Respectfully submitted,

               PREET BHARARA
               United States Attorney for the
               Southern District of New York

By:   s/ Christopher Connolly
      CHRISTOPHER CONNOLLY
      Assistant United States Attorney
      Telephone: (212) 637-2761
      Fax: (212) 637-2786
      E-mail: christopher.connolly@usdoj.gov

Attachments

cc:   <u>By ECF and E-Mail</u>
     Counsel for the Banks
     Robert Tolchin, Esq. (counsel for the Rubins)