# EXHIBIT B

Case 1:11-cv-08716-RWS   Document 16-2   Filed 11/20/13   Page 1 of 8

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA MUTUAL FUNDS TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT, *et al.*,<br><br>Defendants. | No. 06-cv–00518 (RSL)<br><br>**OPPOSITION TO RUBIN DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS AND TO DISBURSE REGISTRY FUNDS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 22, 2013** |

The law controlling the disposition of the forfeited funds at issue in this action is unanimous, unequivocal, and dispositive. No legitimate purpose is served by extending the Rubin Defendants' response time and further delaying the consolidation and distribution of the forfeited funds. Accordingly, for the reasons set forth below, the Court should deny the Rubin Defendants' motion.

1. Criminal forfeitures are *in personam* actions. *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) ("criminal forfeiture provisions operate *in personam* against the assets of the defendant ad serve as part of the penalty for the defendant's conviction.") (citing *United States v. $814,254.76 in United States Currency*, 51 F.3d 207, 210-211 (9th Cir. 1995)); *United States v. Casey*, 444 F.3d 1071, 1075 (9th Cir. 2006) (same). Accordingly, the court with jurisdiction over the defendant has the power to determine the forfeitability of the

OPPOSITION TO RUBIN DEFENDANTS' MOTION
TO EXTEND TIME TO RESPOND TO MOTION TO
DISMISS AND TO DISBURSE REGISTRY FUNDS- 1
No. 06-cv-00518(RSL)

U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
202-514-5302

defendant's assets, regardless of where they are located. *See* 21 U.S.C. § 853(l) ("district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this Section or which has been ordered forfeited under this section" ); *see also United States v. Holy Land Found. for Relief and Dev.*, 722 F.3d 677, 689-90 (5th Cir. 2013). Thus, regardless of where HLF's assets are located, they are now forfeited to the United States by virtue of the criminal court's judgment with jurisdiction of HLF – the Northern District of Texas – and its affirmance by the Fifth Circuit which has rendered that judgment final.

    2. Moreover, third-parties like the Rubin Defendants have no standing to challenge the forfeitability of HLF's assets. Their sole remedy is the ancillary proceeding set forth in Title 21. *See* 21 U.S.C. § 853 (n) (setting forth sole grounds for resolving third party claims to forfeited assets); Fed. R. Crim. P. 32.2(c), Advisory Committee Note (ancillary proceeding "does not involve re-litigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property"); *Holy Land Found.*, 722 F.3d at 689-90 (collecting cases). Moreover, the Rubin Defendants actively participated in the ancillary proceeding in the Northern District of Texas, thereby subjecting themselves to that court's jurisdiction. Having done so, the Fifth Circuit's decision is binding on them and they cannot now disclaim it in order to re-litigate in another jurisdiction.[1] Indeed, the criminal forfeiture scheme specifically seeks to prevent wasteful litigation of this nature. *See* 21 U.S.C. § 853(k) (third parties may not "commence an action at law or equity against the United States concerning the validity of his alleged interest in that property subsequent to the filing of an indictment or information alleging that the property is

---

[1] The Rubin Defendants may well be collaterally estopped from raising in this Court any of the arguments litigated and resolved by the Fifth Circuit. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (setting forth standards for collateral estoppel and res judicata).

*OPPOSITION TO RUBIN DEFENDANTS' MOTION*      U.S. Department of Justice
*TO EXTEND TIME TO RESPOND TO MOTION TO*      Civil Division
*DISMISS AND TO DISBURSE REGISTRY FUNDS*- 2      20 Massachusetts Avenue, NW
*No. 06-cv-00518(RSL)*      Washington, D.C. 20530
     202-514-5302

subject to forfeiture under this section"); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007); *United States v. Stuber*, 2010 WL 3430499 (W.D. Wash. 2010).

3. *U.S. v. Rubenstein*, 971 F.2d 288 (9th Cir. 1992), is of no assistance to the Rubin Defendants. That case involved bail money deposited in the court registry on behalf of a criminal defendant. A financial institution sought to garnish the bail funds to satisfy a prior judgment against the defendant. The federal court sent the matter to state court for a determination of whether the financial institution, or the third party lender who posted bail, was entitled to the money. The federal court determined that the state court's decision of the respective ownership rights should inform the district judge's ruling. After the state court ruled against the third party lender, and the district court agreed, the lender appealed to the Ninth Circuit. The Ninth Circuit reversed, ruling that it was error for the federal court to abdicate its responsibility to the state court. It noted that the district court had the responsibility and the jurisdiction to determine the ownership of the funds, without the assistance of the state court. *Rubinstein*, 971 F.2d at 293 ("We view the district court's order directing Sherman and the bank to litigate bail ownership in the state court garnishment proceeding as a decision to abstain"). Indeed, the Ninth Circuit made clear that it was not deciding whether another court could exercise authority over federal registry funds, *id* at 294 n.6. Rather, it held simply that it was the federal court's obligation to make the determinations necessary to adjudicate the issue properly before it.

The government here is not asking the Court to abdicate its responsibility to adjudicate this dispute. To the contrary, the government has engaged this Court's jurisdiction by moving the Court to dismiss and to release the registry funds to the United States. This Court's exercise of jurisdiction, however, does not mean that it can ignore substantive law

OPPOSITION TO RUBIN DEFENDANTS' MOTION
TO EXTEND TIME TO RESPOND TO MOTION TO
DISMISS AND TO DISBURSE REGISTRY FUNDS- 3
No. 06-cv-00518(RSL)

U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
202-514-5302

governing the ownership rights of the disputed funds. In this case, Ninth Circuit law is clear that criminal forfeiture is an *in personam* action that runs against the criminal defendant as part of its punishment. *See Nava, supra*. By virtue of the order of forfeiture from the court with jurisdiction over the criminal defendant – here the United States District Court for the Northern District of Texas – all of the defendant's funds are forfeited, regardless of where they are located. 21 U.S.C. § 853(l). As the Fifth Circuit explained, the Rubin Defendants as third parties have no standing to contend that the funds are not forfeitable as a matter of law, and even if they did have standing the argument would necessarily fail. *See Holy Land, supra*.

3. In short, the funds in the court registry undoubtedly belong to the United States, and the Rubin Defendants do not seriously contend otherwise. Nevertheless, the United States has stated its intention not to keep the forfeited funds, but instead to distribute the money to U.S. victims of Hamas terrorism. As the government has reiterated on numerous occasions, "[t]he government intends to use HLF's forfeited assets to equitably compensate United States victims of terrorism committed by Hamas, including the Rubins, assuming they qualify; the Department of Justice has issued an order providing for such an equitable distribution." *United States v. Holy Land Found. for Rel. & Dev., et al*, Case No. 11-105354 (Fifth Circuit), Brief for the United States, Oct. 28, 2011, at 8 (attached at Exhibit A). The government has never indicated any intent to renege on that commitment, nor will it renege on that commitment. Indeed, the government is actively working on how best to implement that distribution once it gains control over the forfeited funds. Rather than permitting the government to consolidate the funds and distribute them in accordance with a well-vetted and thoroughly considered plan, however, the Rubin Defendants seek to hold the funds in limbo

OPPOSITION TO RUBIN DEFENDANTS' MOTION
TO EXTEND TIME TO RESPOND TO MOTION TO
DISMISS AND TO DISBURSE REGISTRY FUNDS- 4
No. 06-cv-00518(RSL)

U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
202-514-5302

until they can determine whether they approve of the government's distribution plan. Presumably, if they are satisfied with the distribution, they will cease litigation, but if they are not satisfied they will continue to litigate, thereby delaying distribution to all qualifying victims. As the government has advised counsel for the Rubin Defendants, however, no plan will be finalized until the government has possession of the forfeited money. *See* Email from Elizabeth J. Shapiro to David J. Strachman, Oct.3, 2013 (attached at Exhibit. B.) In any event, litigation over distribution of the funds would be futile, as no court has the power to determine how the forfeited money will be divided among victims; that decision is the Attorney General's alone.[2] 21 U.S.C. § 853(i); *Willis Management (Vermont) Lt. v. United States*, 652 F.3d 236, 233-34 (2d Cir. 2011) (remission of forfeited funds left entirely to Attorney General's discretion).

    4. The Rubin Defendants' current request – for the court to delay ruling on the government's motion until they ascertain the Attorney General's distribution plan – disserves everyone involved, particularly the victims of Hamas terrorism. Because no distribution plan will be finalized until the pending interpleader actions are resolved, victims will receive no money until this action, and that in New York, are resolved. The government intends to communicate this same response to Judge Sweet, who is presiding over the interpleader action in New York.[3] Further delay also disserves the administration of justice, as this seven-year old litigation apparently is being extended for the sole purpose of attempting to gain leverage in the distribution process.

---

[2] In this case the Attorney General's authority is delegated to the head of the Asset Forfeiture and Money Laundering Unit in the Department of Justice. 28 C.F.R. § 9.1(b)(2).

[3] Meanwhile, counsel for the Rubin Defendants has not yet complied with the most basic prerequisite of petitioning for remission of the funds to the Attorney General, *see* 28 C.F.R. Part 9, despite undersigned counsel's specific request that he do so. *See* Exh. B.

OPPOSITION TO RUBIN DEFENDANTS' MOTION
TO EXTEND TIME TO RESPOND TO MOTION TO
DISMISS AND TO DISBURSE REGISTRY FUNDS- 5
No. 06-cv-00518(RSL)

U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
202-514-5302

6. If the Rubin Defendants are determined to litigate, then they should do it now, and the court should require its opposition to the government's motion forthwith. Once all litigation is finally resolved, the government will distribute the forfeited funds in accordance with a distribution plan approved by the Attorney General.

For all the foregoing reasons, the Rubin Defendants' motion to extend time should be denied.

Dated:  November 20, 2013                    Respectfully submitted,

                                          STUART F. DELERY
                                        Assistant Attorney General

                                        JENNY A. DURKAN
                                        United States Attorney

                                          */s/ Elizabeth J. Shapiro*
                                        Elizabeth J. Shapiro
                                        Federal Programs Branch, Civil Division
                                        U.S. Department of Justice, P.O. Box 883
                                        Washington, D.C.  20044
                                        Tel: (202) 514-5302
                                        Fax: (202) 616-8407
                                        Email: elizabeth.shapiro@usdoj.gov

OPPOSITION TO RUBIN DEFENDANTS' MOTION                 U.S. Department of Justice
TO EXTEND TIME TO RESPOND TO MOTION TO              Civil Division
DISMISS AND TO DISBURSE REGISTRY FUNDS- 6           20 Massachusetts Avenue, NW
No. 06-cv-00518(RSL)                                                       Washington, D.C. 20530
                                                                                                                                                                                                          202-514-5302

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an attorney with the U.S. Department of Justice and is a person of such age and secretion as to be competent to serve papers;

That on the date below she electronically filed this Opposition to the Rubin Defendants' Motion to Extend Time with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to attorneys of record for the parties.

DATED this 20th day of November, 2013

    /s/ Elizabeth J. Shapiro
Elizabeth J. Shapiro
Federal Programs Branch, Civil Division
U.S. Department of Justice, P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-5302
Fax: (202) 616-8407
Email: elizabeth.shapiro@usdoj.gov

OPPOSITION TO RUBIN DEFENDANTS' MOTION
TO EXTEND TIME TO RESPOND TO MOTION TO
DISMISS AND TO DISBURSE REGISTRY FUNDS- 7
No. 06-cv-00518(RSL)

U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, D.C. 20530
202-514-5302